417 So.2d 1040 (1982)
Joe Jack CALDWELL, Sr. and Yvonne B. Caldwell, Appellants,
v.
ALLSTATE INSURANCE CO., Appellee.
No. AG-420.
District Court of Appeal of Florida, First District.
July 14, 1982.
Rehearing Denied August 31, 1982.
David M. Wiesenfeld of Dawson, Galant, Maddox, Sulik & Nichols, P.A., Jacksonville, for appellants.
Carl Scott Schuler, Law Office of S. Thompson Tygart, Jr., P.A., Jacksonville, for appellee.
ROBERT P. SMITH, Jr., Chief Judge.
The trial court entered summary judgment for Allstate in this declaratory judgment proceeding, finding that Allstate is not liable on an automobile insurance policy issued to named insured Lee Watts to cover the liability of Watts' son James, who negligently operated an Oldsmobile titled in James' name into collision with appellants. Allstate's "plain English" policy provided that it
protects a person insured from claims for accidents arising out of the ... use ... of the auto we insure. (emphasis in the original)
The policy defines "Persons Insured" to include "[a]ny resident relative of your household using a four wheel private passenger ... auto" that was a "non-owned auto." We construe the term "non-owned auto" to be any automobile not owned by named insured Lee Watts. Since James was a resident of his father's household and was driving an auto not owned by the named insured, James was a person insured.
To establish coverage for James' liability under Allstate's policy, appellants must also demonstrate that the Oldsmobile James negligently operated into collision with appellants was among the "Covered Autos" described in the policy. The covered autos include
(4) A non-owned auto used by you or a resident relative with the permission of the owner. This auto must not be available or furnished for the regular use of a person insured.
The Oldsmobile was not a covered auto under this clause because it was available or furnished for the regular use of James, a person insured. But the covered autos definition also includes
(1) Any auto described on the declarations page and the four wheel private *1041 passenger or utility auto you replace it with.
"You" is defined as the named policyholder and the policyholder's resident spouse.
Four automobiles were described on the declarations page. One was a Mustang jointly titled in the names of Lee and James. James, this abbreviated record shows, traded in the Mustang for the Oldsmobile he later operated negligently. Lee as joint titleholder joined James in endorsing the Mustang's title certificate, or at least the parties so assume, but James evidently selected the Oldsmobile, he handled the purchase transaction and, as we have said, he took title in his name alone. We have no further details of the transaction beyond Lee's testimony that James purchased the Oldsmobile "to serve the same purpose as the Mustang," which similarly was not elaborated in the record.
Under conventional or "nonreadable" policies, a replacement automobile, in order to enjoy replacement coverage bought in the existing policy declaring coverage for an automobile later "replaced," must be titled in the name of the named insured, here Lee, or his resident spouse. E.g., Newbern Distributing Company v. Canal Insurance Company, 124 So.2d 721, 723, n. 1 (Fla. 2d DCA 1960); 12 Couch on Insurance 2d § 45:187 (rev. ed. 1981). But this Allstate "plain English" policy does not in terms require that element to successfully "replace" a declared automobile given in trade for another automobile acquired for use by a family resident who otherwise qualifies as an insured. By way of contrast, the Allstate policy covers an additional automobile only if "you," the named insured or resident spouse, "acquire ownership of [it] during the premium period." There being no compelling reason not to do so, and no policy terms that prevent it, we construe the somewhat different replacement language favorably for coverage, and we hold that titling a "replacement" vehicle in the named insured is not an essential indication of its replacement status under Allstate's policy. It is enough if "you [the named insured or resident spouse] replace," in some real sense capable of proof, the old automobile with the new. Here that showing was made. The old Mustang, listed on the declarations page of the policy, was titled in son James' name as well as in the named insured, Lee; so the acquisition of a new Oldsmobile, titled in James, was to that extent a "replacement." The Oldsmobile was acquired for the primary use, apparently, of the same family member who primarily used the Mustang; in that sense, too, the Oldsmobile was a "replacement." Finally, named insured Lee participated in replacing the Mustang with the Oldsmobile, by relinquishing his share of title in the Mustang, the trade-in for the Oldsmobile.
Thus, for appropriate premiums, all the resident family automobiles were insured by Allstate before the Mustang was traded, and for the same premiums all the resident family automobiles were insured by Allstate afterwards. In these circumstances, nothing in these particular policy provisions excludes coverage for the Oldsmobile. We do not pass on other possible exclusions or limitations.
REVERSED.
ERVIN and SHAW, JJ., concur.